LITTLE ROCK & FT. SMITH RAILWAY COMPANY *v.* CONATSER.

Opinion delivered January 18, 1896.

CARRIER—LIABILITY FOR NON-SHIPMENT OF FREIGHT—To hold a railway company liable for failure to ship a certain lot of cotton, it must appear that the specific cotton was offered to the carrier for shipment, and that it refused to receive and ship the same.

DAMAGES—PROXIMATE CAUSE.—A common carrier is not liable for loss from inability to sell cotton in a certain market resulting from its failure or refusal to ship cotton from such market.

Appeal from Franklin Circuit Court, Ozark District.

JEPHTHA H. EVANS, Judge.

*Dodge & Johnson*, for appellants.

1. There is no evidence that appellee ever offered this cotton for shipment, and was refused.

2. The court erred in refusing to give the declarations of law numbered 1, 2 and 3 asked by defendants.

3. Lack of facilities for shipment was not the proximate cause of appellee's alleged damage. On the

contrary, the proximate cause was his failure or inability to sell the cotton.   95 U. S. 130 ; 139 id. 237 ; 56 Ark. 521 ; 2 Thomps. Negl. 1084 ; 99 Mass. 605 ; 50 N. W. 365 ; 29 Wis. 144.

4.   Defendant's third instruction should have been given.  26 A. & E. R. Cas. 287 ; 12 N. Y. 245 ; 20 id. 48 ; 31 Ark. 476 ; 49 Oh. St. 489 ; 46 Miss. 458; 28 A. & E. R. Cas. 66 ; 79 Mo. 296 ; 33 Mich. 6 ; 40 Mo. 491 ; 1 Coldw. 272; 51 Mo. 11 ; 3 Tex. App. 8 ; 4 McCrary, 405 ; 99 Mass. 508.   These cases show that unforeseen and unusual circumstances excuse delay.   See, also, 87 Pa. St. 234.

5.   The verdict is excessive.

*Chew & Fitzhugh* and *J. V. Bourland*, for appellee.

1.   At common law carriers assume and are bound to do what is required of them in the course of their employment, and if they refuse, without some just ground, they are liable.  2 Kent, Com. p. 599.   But their duties are now regulated by statute.  Sand. & H. Dig. secs. 6193-4.  If the pressure of traffic is such that the company might reasonably have anticipated and provided for, it is assumed they would not be released from the liability to *receive* goods on the ground of want of convenience.   *Wallace* v. *Railway Co.* 17 W. R. ; 1 Bosw. 77.

2.   The verdict is not excessive.   The failure to receive and ship was the cause of the loss,—the difference between the market price of the cotton at the time he purchased it and the market price for which he sold it at the time he was enabled to sell it in the same market.   1 Suth. Dam. p. 23.

3.   Appellant was chargeable with the common and general knowledge that the price of cotton fluctuates, and that appellee would sustain loss from its failure of duty as carrier.   Sand. & H. Dig. secs.

6193–4; 56 Ark. 288–9; 57 *id.* 117, 118; 58 *id.* 140. They were bound to receive this cotton. (3 Wood, Railroads, p. 1579), and liable for failure to furnish sufficient transportation. 25 S. W. 452. The instructions clearly state the law.

WOOD, J. The appellee alleges in his complaint that he had bought 192 bales of cotton in the town of Ozark, for which he paid the current market price, and that this cotton was bought for the express purpose of selling same to cotton buyers in said town, who were, in the months of November and December, buying cotton in said town, and paying the current market price. He alleges that he failed to sell to these cotton buyers because the appellant negligently refused and failed to receive said cotton, and to provide transportation for same, notwithstanding appellee had at divers times requested appellant so to do, and had offered and tendered said cotton, and had been ready and willing to pay to appellant any sum they might legally demand for receiving and transporting the same; and that, by reason of said failure and refusal of the appellant to furnish transportation for said cotton, appellee had been unable to sell the same, to his damage, as he alleged, in the sum of $375.89, for which he asks judgment. The appellant answered, denying all the material allegations, and set up matters in defense, which it becomes unnecessary to set out in the view we take of the case.

The appellee must fail for two reasons.

*Liability of carrier for non-shipment of freight.* First. It is nowhere shown in the proof that the relation of carrier and shipper ever existed, or was intended or attempted to be created, between the appellant and appellee as to this 192 bales of cotton. Neither the appellee for himself, nor any witness on his behalf, states that this cotton was offered to the carrier for shipment, and that he refused to receive and ship same.

The most definite proof on that point is from the plaintiff himself, who says: "I would not undertake to say that we went down there, and tendered these 192 bales, and asked them to ship them ; but I undertake to say we tried to ship cotton all along, and could not, and these 192 bales were on hand then." Again, the plaintiff says, with reference to this particular lot of cotton: "I don't remember whether I tried to ship this or not, but I remember I tried to ship some other. I don't remember whether this was in it or not, but we did finally ship that." True, there was proof that the railway had failed to furnish transportation for cotton, and that same had accumulated on the yards ; but to hold the carrier liable for damages growing out of the failure to ship a specific lot of cotton, it should have been made to appear that the contractual relation of shipper and carrier existed, or was sought to be established, with reference to that specific cotton. On this proposition the proof is too vague and uncertain to be the basis of a judgment. The liability of common carriers of freight for a failure to furnish sufficient accommodation for the transportation of such property as they may be legally called upon to carry, (Sand. & H. Dig. secs. 6193–4; *Fordyce* v. *Nix*, 58 Ark. 140), attaches only in favor of those who come, or offer to come, into contractual relation with the carrier as shippers. This the appellee failed to do with reference to this particular cotton. The company, therefore, owed him no duty, and was subject to no liability.

Second. But the real gravamen of appellee's grievance, as he has stated it in his complaint, is that, as the carrier failed to ship, he failed to sell, and, in failing to sell, his damage accrued. The complaint states, and the proof shows, that he bought the cotton for the express purpose of selling in Ozark, and not to ship away from Ozark. In other words, he states and shows that he

*Proximate cause of damages.*

was a seller of cotton, not a shipper. Then how could he hold the carrier liable for a failure to ship when he not only did not ship, but never expected or intended to ship the cotton he bought? A plainer case for the application of the ancient maxim, *"Causa proxima, non remota, spectatur,"* could hardly be stated or imagined.

Reversed and dismissed.